IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-01620-MSK-MJW

BRENDA A. OGDEN,

    Plaintiff,

v.

PNC BANK, a National Association,

    Defendant.

___

**ORDER ADOPTING RECOMMENDATION AND GRANTING MOTION TO DISMISS**
___

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#40**) to grant Defendant PNC Bank's Motion for to Dismiss (**#27**). Plaintiff Brenda Ogden filed a timely Objection (**#41**).

### I.    ISSUE PRESENTED

Ms. Ogden's Amended Complaint (**#24**) alleges that Defendant PNC Bank ("PNC") violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605,[1] by failing to respond properly to a qualified written request ("QWR") she submitted in December 2012.

### II.    FACTS

The following facts are derived from the Amended Complaint.

PNC is the servicer of Ms. Ogden's mortgage loan. RESPA imposes certain requirements upon loan servicers, including a duty to respond to borrower inquiries in a timely and specific fashion. § 2605(e). Once a servicer receives a QWR from a borrower, it has thirty

---

[1] Accordingly, the Court exercises jurisdiction in this case pursuant to 28 U.S.C. § 1331.

days to conduct an investigation and (i) make any appropriate corrections to the borrower's account; (ii) explain in writing why no correction is necessary; or (iii) explain in writing why the requested information is "unavailable or cannot be obtained." § 2605(e)(2). A servicer that fails to comply with this, or any other, RESPA provision is liable to the borrower for "an amount equal to the sum of – (A) any actual damages to the borrower as result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section." § 2605(f)(1).

In December 2012, Ms. Ogden sent PNC a QWR "request[ing] information about why [PNC] was changing the [loan's monthly] payment to $709.11, and how the payment was broken down between principal, interest, and escrow." [2] Ms. Ogden also "requested a reinstatement quote, a payoff quote, and a complete loan history report." PNC did not respond to Ms. Ogden.

Ms. Ogden's alleges that PNC violated RESPA by failing to respond to her December 2012 QWR. She requests "actual damages, including non-economic damages of emotional distress," statutory damages, and reasonable attorney fees and costs.

In its Motion to Dismiss, PNC argues that the Amended Complaint fails to state a claim for which relief may be granted because (1) the December 2012 letter was not a QWR subject to RESPA's requirements because it did not concern the servicing of Ms. Ogden's loan; and (2) Ms. Ogden failed to sufficiently allege that she was entitled to an award of damages, either actual or statutory.

The Motion was referred to the Magistrate Judge who recommended that the Court grant the Motion to Dismiss. The Magistrate Judge concluded that the Amended Complaint alleged sufficient facts to support a claim that the December 2012 letter concerned the servicing of Ms.

---

[2] The Amended Complaint also discusses a letter Ms. Ogden sent to PNC in November 2012. However, Ms. Ogden's RESPA claim is based solely on the December 2012 QWR.

Ogden's mortgage and, therefore, was subject to RESPA's requirements. However, the Magistrate Judge concluded that Ms. Ogden failed to state a plausible claim for either actual or statutory damages. As to actual damages, the Magistrate Judge found that Ms. Ogden's allegations were insufficient because she alleged only that she suffered "emotional distress" and "a RESPA claim permits only the award of actual economic damages compared to damages for emotional distress." As to statutory damages, the Magistrate Judge found that the Amended Complaint alleged that PNC failed to properly respond to only two QWRs, which was insufficient to support a "pattern or practice of noncompliance" as required by the statute.

Ms. Ogden objects only to the portion of the Recommendation concluding that the Amended Complaint does not sufficiently allege actual damages.

### III.　STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific objection is made. *See United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court must limit its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in

the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50. The Court takes the remaining, well-pled factual contentions, treats them as true, and ascertains whether those facts support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51. What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### IV.   ANALYSIS

Because Ms. Ogden objects to only the portion of the Recommendation concluding that she failed to state claim for an award of actual damages, the Court reviews that issue de novo.[3]

To recover in a RESPA action, a plaintiff must show either that he or she incurred "actual damages" or that the defendant engaged in "a pattern or practice of noncompliance." § 2605(f)(1)(A)-(B). In terms of actual damages, RESPA states that the failure to comply with its provisions creates liability for "an amount equal to . . . any actual damages to the borrower <u>as a result of the failure</u>." § 2605(f)(1)(A) (emphasis added). Thus, to state a claim for actual damages, a plaintiff must adequately plead a causal link between the specific RESPA violation

---

[3] The Court has also reviewed the unobjected-to portions of the Recommendation de novo and discerns no error.

4

asserted and the alleged damages. *See Henson v. Bank of America*, 935 F.Supp.2d 1128, 1145 (D. Colo. 2013); *see also Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).

Ms. Ogden asserts that PNC's "failure to provide [her] with the information she sought was the proximate cause of [her] actual damages, including non-economic damages of emotional distress because [she] was confused by PNC's attempts to lower her payments, she wasn't clear what her monthly payment was supposed to be because PNC does not send her monthly mortgage statements, [she] had knowledge that PNC made accounting mistakes of over $12,500 on her loan." (emphasis added). Accordingly, Ms. Ogden "wanted the loan history report, reinstatement quote, and payoff quote so that she could attempt to see where PNC made the accounting mistakes [and] so that [she] could try to show PNC where the problems existed." In other words, Ms. Ogden alleges that her emotional distress began before she sent PNC a QWR in December 2012. Further, the conduct listed by Ms. Ogden as causing her emotional distress does not include PNC's failure to properly respond to her QWR. Thus, Ms. Ogden has not alleged any causal link between PNC's violation of RESPA and her alleged damages. Accordingly, the Amended Complaint fails to state a claim for actual damages.[4]

---

[4] The parties dispute whether a plaintiff can recover damages under RESPA solely for emotional distress. RESPA does not define the term "actual damages" and Ms. Ogden argues that it includes damages for emotional distress. The Tenth Circuit has not yet addressed the issue and other courts are divided. *Compare Johnstone v. Bank of Am., N.A.*, 173 F. Supp. 2d 809, 814-16 (N.D. Ill. 2001) ("[T]he term 'actual damages' as used in § 2605(f) of RESPA encompasses mental anguish damages."), *with Katz v. Dime Sav. Bank, FSB*, 992 F. Supp. 250, 255-56 (W.D.N.Y. 1997) (concluding that Congress intended for RESPA to remedy pecuniary harm suffered by borrowers). However, the Court need not resolve this issue because even if a plaintiff could premise a claim solely on emotional suffering, Ms. Ogden has failed to sufficiently allege such loss in her complaint.

Ms. Ogden has not requested the opportunity to amend her Amended Complaint, nor otherwise shown that there are facts that she could allege to cure this deficiency. Therefore, dismissal is appropriate.

## V. CONCLUSION

For the foregoing reasons, Ms. Ogden's Objection (**#41**) to the Magistrate Judge's Recommendation (**#40**) is overruled. The Court **ADOPTS** the Recommendation and **GRANTS** PNC Bank's Motion to Dismiss (**#27**). Therefore, PNC's Motion for Summary Judgment (**#32**) is **DISMISSED** as moot. This action is dismissed without prejudice.

Dated this 15th day of August, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge