**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-01620-MSK-MJW

**BRENDA A. OGDEN,**

    Plaintiff,

v.

**PNC BANK, a National Association,**

    Defendant.

## OPINION AND ORDER AFFIRMING BILL OF COSTS

    **THIS MATTER** comes before the Court on the Plaintiff Brenda A. Ogden's Motion for Review of Clerk's Entry of Costs **(#54)**. The Defendant PNC Bank filed a Response **(#55)**, objecting to the Motion.

    Judgment entered in favor of the Defendant in this case on August 15, 2014 **(#44)**. Shortly thereafter, the Defendant submitted its Proposed Bill of Costs **(#52)**. The Defendant sought reimbursement of its costs totaling $1,401.22, which included expenses for obtaining two items: (1) a transcript of the Plaintiff's deposition, costing $559.72, and (2) a transcript of an adversary proceeding held in the U.S. Bankruptcy Court, costing $841.50. At the hearing on taxation of costs before the Clerk of the Court, the Plaintiff objected to being taxed costs for obtaining the transcript of the adversary proceeding. She argued that the transcript was not reasonably necessary for use in this case. The Clerk disagreed and taxed the full proposed amount against her **(#53)**.

    The Plaintiff now moves the Court to review the Bill of Costs and to remove the cost of obtaining the transcript of the adversary proceeding. The Plaintiff makes the same argument

here as she did to the Clerk of the Court — that she should not be taxed the cost of obtaining the transcript of the adversary proceeding because the transcript was not "necessarily obtained for use in the case." The Plaintiff asserts that the transcript was not used to determine any issue in this case because the Court granted the Defendant's motion to dismiss and denied its motion for summary judgment as moot. She argues that instead, the transcript was used by the Defendant primarily for purpose of seeking to vacate the judgment in the adversary proceeding.

The Defendant responds that the transcript was necessary to its motion for summary judgment in this case and was obtained for that purpose. The Defendant points out that it cited to and attached portions of the transcript to its motion and reply. The Defendant does not dispute that the transcript was subsequently used in the adversary proceeding as well. It asserts, however, that at the time the transcript was ordered in January 2014, the purpose was for use on summary judgment. The Defendant notes that when the transcript was ordered, judgment had not yet entered in the adversary proceeding — thus the purpose of ordering the transcript could not have been for use in the adversary proceeding.

Fed. R. Civ. P. 54(d)(1) allows this Court to review the Clerk's award of costs. A review of the bill of costs by this Court is *de novo* determination. *See Furr v. AT&T Technologies, Inc.*, 824 F.2d 1537, 1550 n.11 (10th Cir. 1987). However, whether or not a prevailing party shall be awarded costs is within the Court's sound discretion. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely add to the convenience of counsel or the court. To be recoverable, a

prevailing party's transcription costs must be "reasonably necessary" to the litigation. *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000). Materials produced solely for discovery do not meet this threshold. At the same time, materials may be taxable even if they are not "strictly essential" to the court's resolution of the case. *See In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). The reality of litigation is that when a court grants a dispositive motion, most of the discovery already taken by the parties will be dispensed with. However, if deposition transcripts were offered into evidence, were not frivolous, and were within the bounds of vigorous advocacy, costs may be taxed. *See id.*

Thus, the Tenth Circuit has cautioned against employing the benefit of hindsight in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation. *See id.* Rather, the determination must be based solely on the "particular facts and circumstances at the time the expense was incurred." *Id.* (citing *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). If materials are reasonably necessary for use in the case, even if they are not ultimately used to dispose of the matter, the court can find necessity and award costs. *See id.*

The Court finds that the cost of transcribing the adversary proceeding was reasonably necessary for use in this case. It is undisputed that the Defendant cited to and attached portions of the transcript to its motion for summary judgment and reply. The Court finds that the transcript was offered into evidence for a non-frivolous purpose, and therefore the cost of obtaining the transcript is recoverable against the Plaintiff, despite the fact that the Court did not rely on the transcript in disposing of the case. Further, it is irrelevant that the transcript was also used by the Defendant in the adversary proceeding. The determination of whether the expense of obtaining the transcript was reasonably necessary is made based on the facts and circumstances

at the time the expense was incurred. The Plaintiff does not dispute the Defendant's representation that at the time the transcript was ordered, judgment had not yet entered in the adversary proceeding. The Court therefore accepts that representation as true. Accordingly, the Court is satisfied that at the time the expense of transcription was incurred, it was done for the purpose of supporting the Defendant's motion for summary judgment in this case, not for use in the adversary proceeding.

Accordingly, the Plaintiff's Motion for Review of Clerk's Entry of Costs is **DENIED**. The Bill of Costs taxed against the Plaintiff in the amount of $1,401.22 is affirmed.

Dated this 14th day of January, 2015.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge